**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                              Crim. No. 04-CR-80482-DT-9
                                                               Civil No. 06-CV-13100-DT

VU VAN NGUYEN,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pending before the court is Defendant Vu Van Nguyen's July 7, 2006 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence based on counsel's alleged ineffective assistance. For the reasons stated below, the court will deny the motion.

**I.  BACKGROUND**

Defendant Vu Van Nguyen pleaded guilty to count one of the first superseding indictment: conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. Defendant pleaded guilty on the eve of trial without the benefit of a Rule 11 agreement. At his plea hearing, the court verified that Defendant understood the nature and consequences of his plea. At sentencing, the court found that the government established by a preponderance of the evidence that Defendant was responsible for over 100 kilograms of marijuana, and found that the applicable advisory guideline range was 51 to 63 months. The court sentenced Defendant to 60 months imprisonment. Defendant subsequently appealed his sentence, raising as his sole assignment of error

the insufficiency of the evidence presented to establish his responsibility for 100 kilograms of marijuana, rendering his sentence unreasonable and a violation of the Sixth Amendment. The Sixth Circuit affirmed.

On July 7, 2006, Defendant filed this motion to vacate his sentence, claiming that his counsel was ineffective for (1) failing to use a Vietnamese interpreter during his communications with Defendant prior to the entry of Defendant's guilty plea; (2) failing to argue for relief under the safety valve provision of 18 U.S.C. § 3553(f), and acceptance of responsibility, of the Federal Sentencing Guidelines; (3) failing to argue the issue of sentencing manipulation; and (4) conceding on appeal that a preponderance of the evidence standard, as opposed to beyond a reasonable doubt standard, was required in the court's determination of drug quantity at sentencing.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Defendant contends in his § 2255 motion that his counsel was ineffective for a number of reasons.[1] In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

### 1. Interpreter

Defendant first argues that his trial counsel was ineffective for not utilizing an interpreter in his pre-plea communications with Defendant. (Def.'s Mot. at 2.) While Defendant acknowledges that an interpreter was present during the plea colloquy, he contends that when his attorney explained the charges and the decision to plead guilty to him before the hearing, no interpreter was present. (*Id.*) Defendant claims that

---

[1] Although Defendant did not raise any ineffective assistance of counsel claims on direct appeal, that does not preclude him from bringing these claims in this § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

because an interpreter was not present, he did not fully understand the nature of the charges and the ramifications of his plea. (*Id.*)

This claim directly contradicts Defendant's own sworn testimony. At the plea hearing, the court specifically asked Defendant whether he "discussed this case with [his] attorney," whether Defendant "listened to [his attorney] carefully," whether Defendant "underst[ood] his [attorney's] advice and his explanations," and whether "[a]ll this was done with the help of an interpreter." (01/04/05 Hearing Tr. at 8-9, Gov't's Ex. 1.) After an interpreter translated each of these questions from English to Vietnamese, Defendant responded, through the interpreter, "Yes, Your Honor," to each of these questions. (*Id.*) Because Defendant swore, under oath, that his attorney explained the relevant issues to him with the help of the interpreter, and that he understood, the court will hold Defendant to his sworn statements.

Furthermore, during the plea colloquy, the court explained to Defendant, with the aid of an interpreter, the nature of the charges against him and consequences of his plea. (*See id.* at 8-25.) Again Defendant responded, through the interpreter, that he understood everything the court said. (*Id.*) Accordingly, any claim that Defendant misunderstood the charges against him and could not make an informed choice in pleading guilty because he did not have the aid of an interpreter is belied by his own sworn testimony at the plea hearing, and must be rejected.

### 2. Safety Valve

Defendant next argues that his attorney was ineffective in failing to argue that Defendant qualified for the safety valve when Defendant clearly met the requisite

4

criteria.[2] Because there is no showing of actual prejudice, Defendant's ineffective assistance claim fails. *See Strickland*, 466 U.S. at 697 (noting that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be [the case], that course should be followed." *Id.*

Although Defendant claims in a cursory fashion that he satisfies the criteria, Defendant has not demonstrated that he "has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," a necessary requirement to obtaining a safety valve. 19 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Indeed, Defendant has not described any information, let alone all the information, Defendant has provided to the Government. It appears obvious to the court that Defendant could not possibly have truthfully provided the Government with all of Defendant's information because Defendant continues to dispute, as discussed below, that he was even responsible for the two shipments of marijuana not subjected to laboratory testing by the Government. (*See* Def.'s Mot. at 7-8.) Accordingly, Defendant has not met his burden of

---

[2] 18 U.S.C. § 3553(f) provides that a defendant qualifies for the safety valve if (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or threats of violence or possess a dangerous weapon in connection with the offense; (3) the crime did not result in death or serious bodily injury; (4) the defendant did not organize, supervise, manage or lead others in committing the offense; and (5) the defendant has truthfully provided the Government with all of the information and evidence the defendant has concerning the offense.

5

demonstrating prejudice because even if counsel had requested the court to consider Defendant for the safety valve, Defendant has not shown that he would have qualified.

### 3. Acceptance of Responsibility

Defendant also claims that counsel failed to use a Vietnamese interpreter in early consultations with Defendant, and had counsel done so he would have learned that Defendant wished to plead guilty at the outset. (Def.'s Mot. at 4.) Defendant submits that had he pleaded guilty at an earlier stage in the proceeding, he would have qualified for three, rather than two, points for acceptance of responsibility. (*Id.*) Because there is no showing of actual prejudice, Defendant's ineffective assistance claim fails. *See Strickland*, 466 U.S. at 697.

Defendant cannot satisfy his burden to show that the result would have been different even if he would have received all three points for acceptance of responsibility because, as discussed below, the court properly found that Defendant was responsible for over 100 kilograms of marijuana, subjecting Defendant to a 60-month minimum sentence under 21 U.S.C. § 841(b)(1)(B). Because Defendant has not met his burden of showing any reason why the court would have been able to go below the mandatory minimum, the court would have been unable to sentence Defendant to anything less than the mandatory 60-month minimum required by statute. The court did in fact sentence Defendant to 60 months, rendering irrelevant any additional reduction for acceptance of responsibility to which Defendant may have been entitled. Accordingly, Defendant has failed to demonstrate that his counsel's error, if any, resulted in prejudice.

### 4. Sentencing Manipulation

Defendant next contends that his counsel should have brought a claim of sentencing manipulation before the court, arguing that the Government improperly stood by while Defendant continued to transport more marijuana for the purpose of increasing the drug quantity to over 100 kilograms to increase Defendant's sentence. First, it is important to "note[] that the Sixth Circuit has yet to adopt the concept of 'sentencing manipulation,' or the continued purchase of illicit drug quantities so as to drive up the sentencing exposure of the defendant." *United States v. Landers*, 58 F. App'x 108, 110 (6th Cir. 2003) (citing *United States v. Watkins*, 179 F.3d 489, 503 n.14 (6th Cir. 1999)); *United States v. Jones*, 102 F.3d 804, 809 (6th Cir. 1996)). Even if the court would be inclined to hear a sentencing manipulation argument, Defendant has failed to show that such an argument would succeed on the facts of this case.

To establish prejudice, Defendant must show that had his attorney raised a claim of sentencing manipulation, the court would have found for Defendant on that issue. In order for the court to have done so, Defendant would need to show that "the government's conduct is so outrageous that it offends the due process requirement of fundamental fairness." *United States v. Coleman*, 188 F.3d 354, 363 n.11 (6th Cir. 1999). The court finds that Defendant has not demonstrated that he would have prevailed on the merits sentencing manipulation claim had his attorney raised the issue. Although Defendant contends that "the only logical explanation" for the Government's decision not to arrest Defendant until after he made four deliveries "is that the government wanted the amount of the drug to increase for the purpose of achieving high sentencing for the petitioner," (Def.'s Mot. at 5), the facts do not support this

7

conclusion. The first superseding indictment charges sixteen defendants with a total of nine counts. Many of the events the Government charged in its indictment as part of the conspiracy occurred well after Defendant's fourth delivery, and allowing all four of those deliveries to take place would seem to be necessary for the Government to have investigated those later events. (*See* First Superseding Indictment.) Accordingly, Defendant has failed to satisfy his burden of showing that counsel's failure to raise sentencing manipulation, a factually tenuous argument based on a theory that the Sixth Circuit has yet to recognize, renders his assistance ineffective for Sixth Amendment purposes.

### 5. Drug Quantity

Finally, Defendant argues that his counsel was ineffective in conceding at oral argument that the Sixth Circuit should review this court's finding that Defendant was responsible for more than 100 kilograms of marijuana using a preponderance of the evidence standard. Defendant incorrectly argues that, at sentencing, the court should have used a beyond a reasonable doubt standard in determining the amount of drugs for which Defendant was responsible. Contrary to Defendant's argument, "*Booker* did not eliminate judicial fact-finding." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). A court may properly determine drug quantity at sentencing as long as its finding is "based on reliable information and *a preponderance of the evidence*." *United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) (emphasis added) (citing the commentary to U.S.S.G. § 6A1.3). Although the Sixth Circuit in *United States v. Gardner*, 417 F.3d 541, 546 (6th Cir. 2005) instructed district courts to "err on the side of caution" when "the quantity of drugs at issue cannot be easily determined," the

8

*Gardner* court also determined that a district court's finding is sufficient if "supported by a preponderance of the evidence." Accordingly, Defendant's contention that the court should have found the drug quantity beyond a reasonable doubt is legally incorrect, and his attorney was not ineffective for arguing the correct standard before the Sixth Circuit.

### B.  Procedural Default

In his motion, Defendant characterizes each of his claims as ineffective assistance of counsel claims.  His motion, however, argues both the ineffective assistance aspect of each claim and the alleged error committed by the court.  The court is unclear whether Defendant has done so simply to establish prejudice for his ineffective assistance of counsel claims, or whether Defendant is attempting to argue that the court's errors themselves justify a grant of his § 2255 motion.

### 1.  Claims Defendant Did Not Raise on Direct Appeal

To the extent that Defendant is attempting to use his ineffective assistance of counsel claims to contest the court's guideline calculations for acceptance of responsibility, a sentencing valve claim and "sentencing manipulation," Defendant is precluded from doing so because he failed to raise these claims on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Defendant does not make any claim of actual innocence.  The only basis for cause and prejudice Defendant's motion could be conceivably read to raise is ineffective assistance of counsel. "But because his ineffective-assistance claim lacks merit, as shown, [Defendant] cannot

9

establish cause for his default." *Martin v. United States*, 160 F. App'x 447, 449 (6th Cir. 2005). Because Defendant has failed to demonstrate either actual innocence or cause and prejudice, he is barred from raising these claims in this § 2255 motion.

### 2. Defendant's Claim Previously Raised on Direct Appeal

To the extent that Defendant is attempting to use his ineffective assistance of counsel argument to relitigate whether the court's finding that Defendant was responsible for more than 100 kilograms of marijuana violates the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), he is precluded from doing so. The Sixth Circuit has held that "a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstance, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Defendant raised on direct appeal this very same drug quantity issue, and the Sixth Circuit affirmed this court's finding. Because Defendant has not argued that exceptional circumstances exist in this case, the court will deny any attempt to relitigate this issue.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Dkt # 185] is DENIED.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2006, by electronic and/or ordinary mail.

<pre>
                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522
</pre>